IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY C. CONN, ) | |
| ) | |
| Plaintiff, ) | 8:04cv54 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| OFFICER NOVAK, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 33, the Motion for Summary Judgment filed by the defendants, Officer Novak, et al.; and filing no. 37, the Objection to Defendants' Motion for Summary Judgment filed by the plaintiff, Jeremy C. Conn, a prisoner. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, concerning prison conditions at the Douglas County Correctional Center ("DCCC") during the period he was housed at that facility as a federal pretrial detainee.

The Eighth Amendment's prohibition of cruel and unusual punishment applies only "after conviction and sentence." Graham v. Connor, 490 U.S. 386, 393 & n. 6 (1989). Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied. 528 U.S. 1157 (2000).

> The standard to be applied in assessing a pretrial detainee's claim of due process violations, such as this one, is not entirely clear. The Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to "at least as great" protection as that afforded convicted prisoners under the Eighth Amendment ....This court has yet to settle on a clearly binding standard .... Although we have suggested, in dicta, in cases dealing with pretrial detainees' claims of inadequate medical care, that a more stringent standard than deliberate indifference would be appropriate, no specific standard has yet been established.

Id. Thus the rights of pretrial detainees under the Due Process Clause are at least as great as, if not greater than, those of convicted prisoners under the Eighth Amendment.

The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). A viable Eighth Amendment claim consists of an

objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted).

The subjective element of an Eighth Amendment claim requires that a prison official act with deliberate indifference to inmate health or safety. Farmer v. Brennan, 114 S.Ct. 1970, 1977-78 (1994). Deliberate indifference means that the prison official both was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Thus, to satisfy the subjective component requires a finding of actual knowledge on the part of the defendant. See Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997): "A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." In short, "[t]o show deliberate indifference, [the plaintiff] must prove that the [defendant] knew of, yet disregarded, an excessive risk to [the plaintiff's] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997).

The plaintiff complains of the stress and discomfort caused by overcrowding at DCCC. He also complains of the physical discomfort he endured during an incident on January 3, 2004. On that morning, the defendants forced, or allowed other DCCC guards to force, inadequately clothed inmates, including the plaintiff, outdoors to stand in the cold during a 2½ hour search for weapons inside the facility. The guards took turns going inside for warmth, but the inmates were forced to endure below freezing weather for several hours without relief.

However, as the plaintiff correctly points out (filing no. 1 at 8, § A), the defendants were "grossly negligent" in forcing the inmates outdoors during the security search on January 3, 2004. Negligence by prison officials is not actionable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the

2

plaintiff's position. Tucker v. Evans, 276 F.3d at 1001. The record does not indicate that the conditions of the plaintiff's confinement at DCCC, including the overcrowding and the incident on January 3, 2004, were "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted).

A claim of negligence arises under Nebraska law, not federal law. The plaintiff may be able to pursue a claim against the defendants in a state court. This court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for any state law claims during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003).

In addition, while the conditions described by the plaintiff were objectionable, the plaintiff was not exposed to them for a long enough period to support a claim under the Eighth Amendment or the Due Process Clause. See, e.g., Barney v. Pulsipher, 143 F.3d 1299, 1311-12 (10th Cir. 1998):

> An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration. Thus, a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 ... (1978). Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration. See, e.g., Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional); see also Ogbolu v. McLemore, 1997 WL 49449, at *2 (10th Cir. Feb.7, 1997) (cold, wet, drafty, and unsanitary solitary cell for two days does not violate Eighth Amendment).

See also Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996): "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities .... However, any analysis of confinement conditions must be based on the totality of the circumstances .... We have found a constitutional violation where inmates were forced to work without protective gear 'in a shower of human excrement.'... We have

3

also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste .... We have similarly found a violation where an inmate was forced to endure a cell covered with filth and human waste for two full years .... **[T]he length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis**." (Citations omitted; emphasis added.)   The record indicates that the plaintiff had left DCCC by April 8, 2004[1].

THEREFORE, IT IS ORDERED:

1.   That filing no. 33, the defendants' Motion for Summary Judgment, is granted;

2.   That filing no. 37, the plaintiff's Objection to Defendants' Motion for Summary Judgment, is denied;

3.   That filing no. 39, the defendants' Motion to Stay Discovery, is denied as moot; and

4.   That judgment will be entered accordingly.

DATED this 25th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] If the plaintiff had remained at DCCC and if the overcrowding had persisted, and if incidents similar to the one on January 3, 2004 had continued, the plaintiff might have been entitled to seek injunctive relief from the defendants in their official capacity. However, no injunctive relief may be recovered to improve conditions at a prison from which the plaintiff has been transferred or released.  "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999).  When "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot."  Id. at 857, *citing* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).